G. P. MICKELWAIT, Appellee, v. FAY WRIGHT, Appellant.

**WATERS AND WATERCOURSES:** Surface Waters—Drainage Solely on Owner's Premises. A landowner may construct and maintain, solely on his own premises, *any* system of surface drainage, so long as he does not thereby (1) cast upon adjacent lands surface waters which would not otherwise flow on such lands, or (2) prevent surface waters from escaping from such adjacent lands.

*Appeal from Mills District Court.*—EARL PETERS, Judge.

### DECEMBER 15, 1922.

ACTION to enjoin defendant from maintaining a certain drainage ditch upon the defendant's land and from diverting waters from the channel in which they naturally flow across defendant's land. A decree was entered as prayed in plaintiff's petition, and defendant appeals. The facts appear in the opinion.—*Modified and affirmed.*

*W. S. Lewis,* for appellant.

*Genung & Genung,* for appellee.

FAVILLE, J.—Appellant and appellee are adjacent landowners. The accompanying plat shows a portion of the lands owned by said parties.

Each of the parties also owns other parcels of land lying immediately west of their respective tracts, as shown on the plat. The lands are all located in what is known as the "Missouri River Bottoms." Lying to the eastward of the lands in question is a range of hills, the water from which flows by what is known as the "Mickelwait Branch," upon the northeast forty acres of appellee's lands. The water formerly flowed south through this "Branch" in a more or less well defined channel which gradually curved to the southwest. Some years prior to the construction of the ditch complained of, what was known as an "old county ditch" was constructed across a portion of

appellant's land, as indicated on the plat by the words "old ditch channel." In 1913, the appellant constructed the ditch in question. It was built under the direction and supervision of a competent engineer. It was constructed wholly upon the

lands of the appellant, and took the waters from the "Mickelwait Branch" at the point where the same left the lands of the appellee. The entire course of this ditch is not shown upon the plat, but it was constructed entirely upon the appellant's land, and had its outlet upon lands of the appellant lying farther to the west.

As shown on the plat, the appellant constructed a dam across the channel of the "Mickelwait Branch" upon his land at a point near the commencement of the new ditch. The result of this construction was to divert the waters of the "Mickelwait Branch" from the lands of the appellant lying south and west of the lands of the appellee, and to carry said waters in the new ditch so constructed by the appellant. It appears from the evidence that, owing to the level nature of the lands and the fact that the water from the adjacent hills comes down in great quantities at flood time, levees are constructed on each side of the ditch for the purpose of confining these flood waters. The appellee's particular claim is that the levee constructed on the north bank of the new ditch, as built by the appellant, has broken in a time of high water, and that an unusual quantity of water was discharged through the break in the levee upon the lands of the appellee, and that said water would not in any manner flow upon the appellee's lands, were it not for the fact that the same is brought in the channel of the artificial ditch to that point.

There is also evidence in the record tending to show that, by reason of the slight fall across these lands and the large amount of silt carried in the surface waters in flood time, the artificial ditch will have a tendency to fill up.

It appears that the construction of the ditch has reclaimed a large amount of appellant's land that would otherwise be subject to overflow. It also appears that the lands of appellee that have been flooded by the break in the north levee of the ditch are cultivated lands.

The owner of land has the undoubted right to divert the surface water upon his own land from a natural channel into an artificial channel. The appellant in this case is taking the water from the natural channel where it flowed upon his own land and diverting it into an artificial channel, and conducting

it wholly upon his own land and discharging it thereon. No complaint is made that the water so discharged through the outlet of this ditch causes injury to the appellee. The appellant had the right to divert the surface water wholly on his own land and to confine the same to such portions of his farm as he saw fit, so long as, by the construction and diversion of the water on his own premises, he worked no injury to the appellee. *Sic utere tuo ut alienum non laedas.* But appellant did not have the right to divert the surface water flowing upon his land in such a manner as to divert it upon the lands of the appellee, to the appellee's injury, nor could he, in constructing said ditch and the levees which constituted a part thereof, in effect create a dam that would prevent the surface water upon appellee's land from flowing therefrom in its natural course.

There is evidence in the record tending to show that the ditch as constructed upon the appellant's land will gradually fill up in time from the deposits of silt. This is a matter which might arise in the future, but appellant cannot be enjoined from the construction of the ditch upon his own lands because of an apprehension that the ditch may in the future fill up and cause water to overflow upon the lands of the appellee. It will be presumed that, if the ditch has a tendency to fill up, the appellant will cause the same to be cleaned out and restored to its former condition, rather than to permit the water in the ditch to overflow upon the adjacent lands and do damage to appellee.

The decree of the lower court required the appellant to remove the dam which he had constructed across the old channel of "Mickelwait Branch." No complaint is made that the construction of this dam caused any water to back up upon the lands of the appellee. It is only contended that the dam diverted the waters into the artificial channel upon the appellant's lands, and that, at a point much farther down the course of the new ditch, the water has, in times of high flood, broken through the levee and flowed upon the lands of the appellee.

The decree of injunction by mandatory order required the appellant to remove the dam placed by him in the old watercourse, and also required him to place a dam in the ditch constructed by him, at the point where said ditch receives the water from the "Mickelwait Branch," and that said dam should be

so constructed as to prevent the water from entering and flowing down the ditch so built and constructed by the appellant.

We think the court was in error in these mandatory provisions of the decree. The appellant has the right to retain the dam placed by him in the original watercourse, and should not be required to construct a dam across the ditch constructed by him. He has a right to carry the water from the "Mickelwait Branch" in the artificial ditch, if he so desires. He can carry it partly there and partly down the old channel, if he so wishes.

The appellee's sole right is that the appellant shall not carry the water in such a manner that it is discharged upon the lands of the appellee. As before stated, appellant has a perfect right to construct a ditch upon his own land and carry the water upon his own premises in such a manner as he shall see fit to do, provided he does not cause it to flow upon the appellee's land when it would not have done so, but for such artificial construction.

It is also true that the appellant has no right to construct a levee on the north side of the artificial ditch referred to, in such a manner as to dam up and hold back the surface water that would naturally flow from the appellee's lands upon the lands of the appellant where said levee is located. There is evidence tending to show that the appellant can construct and maintain an adequate artificial ditch upon his premises, sufficient to carry the water from the "Mickelwait Branch," without seriously interfering with the flow of the surface water from appellee's premises, and without diverting and discharging waters upon appellee's lands that would not otherwise flow thereon. If the appellant can construct and maintain such a ditch wholly on his own land, it is his right and privilege so to do. This is all that appellee has any right to require of the appellant.

The decree of the lower court should have provided that the appellant should be enjoined and restrained from constructing and maintaining the ditch and levee upon the appellant's lands in such a manner as to cause the water from the "Mickelwait Branch" to flow upon appellee's premises in an unusual quantity and at a different place than where the same would naturally flow thereon, and also should have enjoined and re-

strained the appellant from interfering with the drainage of surface water that naturally flows from appellee's lands upon the lands of the appellant.

The decree of the trial court will be modified as herein indicated, and the parties may have a decree entered in this court or in the trial court, as they may elect.

We are constrained to suggest that the instant case affords an excellent opportunity for the display of a spirit of neighborliness which would enable these parties to co-operate to their mutual advantage in the prevention of injury to their lands by overflow.

The costs of this appeal will be taxed one half to the appellant and one half to the appellee. It is so ordered.—*Modified and affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.